UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FILED

2005 AUG 16 A 10:30

U.S. BANKRUPTCY COURT
E.D. MICHIGAN - DETROIT

In re:

EUGENE and ELLEN KARPINSKY,

    Debtors.

_____/

Case No. 03-73436
Chapter 7
Hon. Marci B. McIvor

DirecTV, Inc.,

    Plaintiff,

v.

EUGENE KARPINSKY,

    Defendant.

_____/

Adv. Proc. 04-4256

## OPINION AWARDING DAMAGES AND DETERMINING DAMAGES TO BE NON-DISCHARGEABLE

A hearing was held on April 25, 2005 on DirecTV's Complaint alleging non-dischargeability under § 523(a)(4) and § 523(a)(6) for Defendant's alleged satellite signal piracy. At the conclusion of Plaintiff's presentation of its case, Defendant failed to present any witnesses or exhibits. In closing argument, Defendant acknowledged that Plaintiff had met its burden of proof as to Defendant's liability for damages under the various federal acts and under the theory of conversion. However, Defendant argued that damages are minimal and that any damages awarded are dischargeable in bankruptcy.

For the reasons set forth in this Opinion, this Court finds that Plaintiff is entitled to damages in the following amounts: (1) for violations of 47 U.S.C. § 605(a), Plaintiff is entitled to damages in the amount of $30,000 pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II) and damages in the amount of $30,000 pursuant to 47 U.S.C. 605(e)(3)(C)(ii); (2) for violations of 47 U.S.C. § 605(e)(4), Plaintiff is entitled to damages in the amount of $130,000; and (3) for conversion, Plaintiff is entitled to damages in the amount of $12,000. Plaintiff is not entitled to damages for violations of 18 U.S.C. § 2511(1)(a) because, in this case, an award of damages for violations of both 47 U.S.C. § 605(a) and 18 U.S.C. § 2511(1)(a) would be duplicative. This Court also finds that Plaintiff is entitled to payment of its attorneys' fees and costs, which will be determined by this Court upon application by Plaintiff's counsel. Additionally, this Court enjoins Defendant from: (1) receiving, assisting in receiving, transmitting, assisting in transmitting, divulging or publishing DirecTV's satellite transmissions in violation of 47 U.S.C. § 605; and (2) obtaining or possessing unauthorized access devices for the purposes of intercepting DirecTV satellite signals in violation of 47 U.S.C. § 605. The Court further finds that the above-listed monetary damages are non-dischargeable.

I.

## FACTUAL BACKGROUND

DirecTV is a direct broadcast satellite system, delivering over 225 channels of television and other programming to more than 12 million homes and business in the United States. DirecTV encrypts (electronically scrambles) its satellite transmissions to provide security for and to prevent unauthorized viewing of its satellite television

2

programming. DirecTV offers its television programming to residential and business customers on a subscription and pay-per-view basis only. Each customer is required to obtain a DirecTV Access Card and other system hardware (including a small satellite dish) and create an account with DirecTV. Upon activation of the Access Card by DirecTV, the customer can receive and view in decrypted form (unscrambled) those channels to which the customer has subscribed or otherwise made arrangements to purchase from DirecTV. DirecTV monitors the customer's legitimate use of DirecTV's television programming through a telephone line connected to a modem on the customer's equipment.

On October 1, 2002, DirecTV filed an action against Eugene Karpinsky in the United States District Court for the Eastern District of Michigan for satellite signal piracy. In the District Court Action, DirecTV asserted several causes of action against Karpinsky including: (1) Unauthorized Reception of Satellite Signals in Violation of 47 U.S.C. § 605; (2) Unauthorized Interception of Electronic Communications in Violation of 18 U.S.C. § 2511(1)(a); (3) Possession of Pirate Access Devices in Violation of 18 U.S.C. § 2512; and (4) Conversion. Initially, the District Court dismissed DirecTV's case on Karpinsky's motion for summary judgment because DirecTV did not show that Karpinsky had the necessary equipment to receive satellite signals. The District Court then vacated its order granting Karpinsky's motion for summary judgment when evidence was produced showing that Karpinsky did have all of the necessary equipment to receive satellite signals. *DirecTV, Inc. v. Karpinsky*, 274 F.Supp.2d 918 (E.D. Mich. 2003).

On December 3, 2003, before the District Court action proceeded to trial,

Karpinsky filed for bankruptcy. On March 3, 2004, DirecTV ("Plaintiff") filed an adversary complaint, incorporating the causes of action raised in the District Court Action, seeking a determination that any debt arising from Karpinsky's ("Defendant") alleged satellite piracy is non-dischargeable under §§ 523(a)(2), (a)(4) and (a)(6). On December 8, 2004, the parties stipulated to the dismissal of the count alleging non-dischargeability under § 523(a)(2).

On December 10, 2004, Defendant filed a Motion for Summary Judgment, claiming that, as a matter of law, any debt arising from the adversary complaint is dischargeable. On February 1, 2005, the Court heard arguments on Defendant's Motion for Summary Judgment, denied Defendant's Motion, and set the matter for trial.

On April 25, 2005, a trial was held on Plaintiff's Complaint. During two days of testimony, Plaintiff presented the following proofs: (1) Defendant purchased an Unlooper/Smart Card Recovery System three times (Exhibit 35, entries on May 5, 2000, August 25, 2001, and September 27, 2001); (2) the only use for the Unloopers and Smart Card Reader was the piracy of satellite signals (Transcript, Testimony of Michael Barr, Vol. I, p. 238, line 18 through p. 260, line 1 and Vol. II, p. 5, line 24 through p. 26, line 11); (3) Defendant had the necessary equipment to receive satellite signals, which includes: (a) a satellite TV dish; (b) an integrated receiver/decoder; (c) a DirecTV Access Card that is either activated by DirecTV or unlawfully modified; and (d) a television (Exhibit 35; *DirecTV, Inc. v. Karpinsky*, 274 F.Supp.2d 918 (E.D. Mich. 2003)); (4) Defendant never opened an account with DirecTV (Stipulated Issue of Fact 13); (5) Defendant had been active on internet sites dedicated to satellite piracy issues for four years (Exhibits 24 and 25); (6) Defendant sold three illegally modified DirecTV

4

Access Cards (Exhibit 35, entries on May 3, 2000, July 5, 2000, and September 6, 2001); and (7) Defendant sold one DSS Smart Card Programmer (Exhibit 35, entry on May 19, 2000). At the close of Plaintiff's proofs, Defendant did not call any witnesses or present any evidence. At the conclusion of the hearing, Defendant acknowledged that Plaintiff had proven its case with respect to Defendant's liability under the various federal acts and for conversion. (Transcript, Vol. II, p. 64, lines 4-6).

Because Defendant acknowledged liability, this Court is left to decide: (1) what amount of damages should be awarded to Plaintiff under the applicable statutes and common law; and (2) whether those damages are non-dischargeable.

II.

## JURISDICTION

Bankruptcy courts have jurisdiction over all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11. 28 U.S.C. §§ 1334 & 157. Core proceedings include proceedings to determine dischargeability. *Id.* § 157(b)(2)(I). As this is a proceeding to determine dischargeability, this is a core proceeding under 28 U.S.C. § 157(b). Thus, this Court has jurisdiction over this matter.

III.

## ANALYSIS

A. <u>Damages in the Amount of $202,000 Should Be Awarded to Plaintiff for Defendant's Violations of the Federal Statutes and for Conversion</u>

Defendant argues that, to the extent courts have awarded statutory damages in

5

similar DirecTV piracy cases, the courts have been lenient and, therefore, this Court should award only a small amount of damages, if any at all, to Plaintiff. Defendant cites three cases where damage awards have been relatively small. *DirecTV, Inc. v. Alvares*, No. L:03-38, slip op. at 9 (S.D. Tex. Mar. 24, 2004)(plaintiff is awarded $1,500 in damages pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II) plus attorneys fees and costs); *DirecTV, Inc. v. Carpenter*, No. C-03-5247 EMC, slip op. at 10 (N.D. Ca. Mar. 11, 2005)(only $1,933.70 for attorneys fees and costs awarded); *DirecTV, Inc. v. Andino*, No. 6:03-cv-475-Orl-22JGG, slip op. at 17 (M.D. Fl. Oct. 29, 2003)($6,955.04 awarded for damages, $175.00 for costs, and $715.00 for attorneys' fees).

While the Court understands Defendant's desire to obtain a small damage award, this Court finds the above-listed cases distinguishable for two reasons. First, all of the cited cases are default judgments where no evidence was presented. In contrast to those cases, this Court heard two days of trial testimony which demonstrated that Defendant's conduct was purposeful, planned, and willful. Second, there are factual differences between the instant case and these cases cited by Defendant. In *Alvares* and *Andino*, DirecTV alleged that the defendants possessed a single unlooper device. *Alvares*, No. L:03-38, slip op. at 2; *Andino*, No. 6:03-cv-475-Orl-22JGG, slip op. at 3. In the instant case, Defendant possessed at least seven devices used to intercept DirecTV satellite signals (three Unloopers, three Access Cards, and one Smart Card Programmer). In the *Carpenter* case, unlike the instant case, plaintiff DirecTV did not seek relief under § 605(a). *Carpenter*, No. C-03-5247 EMC, slip op. at 2. Therefore, plaintiff was not entitled to seek damages under that statute. Because the cases cited

6

by Defendant are distinguishable from the instant case, they are not particularly useful for helping this Court determine the appropriate amount of damages to be awarded.

In this case, Plaintiff is seeking damages for violations of 47 U.S.C. § 605(a), for violations of 47 U.S.C. § 605(e)(4), for violations of 18 U.S.C. § 2511(1)(a), and for conversion. Plaintiff also seeks payment of its attorneys' fees and costs and injunctive relief. Each of these requests are discussed below:

1. Damages for Violations of 47 U.S.C. § 605(a)

47 U.S.C. § 605(a) prohibits the piracy of satellite transmissions. Section 605(a) states, in part:

> No person not being entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto.

Defendant, having acknowledged liability for violations under 47 U.S.C. § 605(a) and based on the evidence introduced at trial, is liable for damages under 47 U.S.C. § 605(e)(3)(C)(i) and 47 U.S.C. § 605(e)(3)(C)(ii).

a. Damages Authorized by 47 U.S.C. § 605(e)(3)(C)(i)

For each violation of 47 U.S.C. § 605(a), an aggrieved party may elect between actual and statutory damages under 47 U.S.C. § 605(e)(3)(C)(i). Plaintiff requested that this Court award statutory damages under 47 U.S.C. § 605(e)(3)(C)(i)(II). Section 605(e)(3)(C)(i)(II) states, in part:

> the party aggrieved may recover an award of statutory damages for each violation of subsection (a) of this section involved in the action in a sum of

7

not less than $1,000 or more than $10,000, as the court considers just . . .

Based on the evidence presented, this Court finds that Defendant violated § 605(a) each of the three times Defendant purchased an Unlooper/Smart Card Recovery System. (Plaintiff's Exhibit 35 entries on May 5, 2000, August 25, 2001 and September 27, 2001) Pursuant to the plain language of 47 U.S.C. § 605(a) (i.e. "the party aggrieved may recover an award of statutory damages for each violation") and pursuant to case law, Plaintiff is entitled to damages for each violation. *Community Television Systems, Inc. v. Caruso*, 284 F.3d 430, 435-36 (2nd Cir. 2002)(a violation occurs each time a device is purchased and installed). As specifically set forth in the statute, the actual dollar amount of damages to be awarded within the parameter of 47 U.S.C. § 605(e)(3)(C)(i)(II) is within the Court's discretion. At trial, Plaintiff presented evidence supporting the imposition of the maximum penalty, including: (1) strong circumstantial evidence that Defendant assisted his father in unlawfully obtaining Plaintiff's signal; (2) evidence of Defendant's active participation on internet web sites which existed for the sole purpose of exchanging information on the piracy of satellite television technology; and (3) evidence that Defendant was involved in satellite piracy for over four years, from at least May of 1999 through August of 2003. In addition to the Unloopers, Defendant purchased and sold several modified DirecTV Access Cards. The modified cards allowed decryption of DirecTV's signal without paying for the service. Therefore, because this Court finds three violations of 47 U.S.C. § 605(a), this Court awards Plaintiff damages of $10,000 for each violation, totaling $30,000, pursuant to 47 U.S.C. § 605(3)(C)(i)(II).

8

b.  Damages Authorized by 47 U.S.C. § 605(e)(3)(C)(ii)

Plaintiff is also entitled to additional damages for each willful violation of 47 U.S.C. § 605(a) pursuant to 47 U.S.C. § 605(e)(3)(C)(ii). 47 U.S.C. § 605(e)(3)(C)(ii) states:

> In any case in which the court finds that the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain, the court in its discretion may increase the award of damages, whether actual or statutory, by an amount of not more than $100,000 for each violation of subsection (a) of this section.

Based on the evidence presented, this Court finds that Defendant's violations were willful. The Court can infer willful signal interception from: (1) the witness testimony that the only use for the Unloopers/Smart Card Recovery System is the piracy of satellite signals (Transcript, Testimony of Michael Barr, Vol. I, p. 238, line 18 through p. 260, line 1 and Vol. II, p. 5, line 24 through p. 26, line 11); (2) the evidence that Defendant had the necessary equipment to receive satellite signals (Exhibit 35; *DirecTV, Inc. v. Karpinsky*, 274 F.Supp.2d 918 (E.D. Mich. 2003)); (3) the evidence that Defendant never opened an account with Plaintiff (Stipulated Issue of Fact 13); (4) the evidence that Defendant had been active on internet sites dedicated to satellite piracy issues for four years (Exhibits 24 and 25). Because Defendant's conduct was willful, this Court awards Plaintiff damages in the additional amount of $10,000 per violation pursuant to 47 U.S.C. § 605(e)(3)(C)(ii), for a total of $30,000.

2.  Damages for Violations of 47 U.S.C. § 605(e)(4)

9

47 U.S.C. § 605(e)(4) prohibits the modification, sale, or distribution of any satellite piracy device. Specifically, 47 U.S.C. § 605(e)(4) states:

> Any person who manufactures, assembles, modifies, imports, exports, sells, or distributes any electronic, mechanical, or other device or equipment, knowing or having reason to know that the device or equipment is primarily of assistance in the unauthorized decryption of satellite cable programming, or direct-to-home satellite services, or is intended for any other activity prohibited by subsection (a) of this section, shall be fined not more than $500,000 for each violation, or imprisoned for not more than 5 years for each violation, or both. For purposes of all penalties and remedies established for violations of this paragraph, the prohibited activity established herein as it applies to each such device shall be deemed a separate violation.

For each violation of 47 U.S.C. § 605(e)(4), an aggrieved party may elect between actual and statutory damages pursuant to 47 U.S.C. § 605(e)(3)(C)(i). Plaintiff requested that this Court award statutory damages pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II), which states, in part:

> . . . for each violation of paragraph (4) of this subsection involved in the action an aggrieved party may recover statutory damages in a sum not less than $10,000, or more than $100,000, as the court considers just.

47 U.S.C. § 605(e)(3)(C)(i)(II).

Based on the evidence presented, this Court finds that Defendant violated 47 U.S.C. § 605(e)(4) four times: one violation for each of three illegally modified DirecTV Access Cards sold by Defendant (Exhibit 35, entries on May 3, 2000, July 5, 2000 and September 6, 2001) and one time for the DSS Smart Card Programmer sold by Defendant (Exhibit 35, entry on May 19, 2000). Under the plain language of 47 U.S.C. § 605(e)(4), Defendant may recover damages for each violation. *See also, Time Warner Cable v. U.S. Cable T.V., Inc.*, 920 F. Supp. 321, 331 (E.D.N.Y. 1996); *Cablevision*

Systems v. Muneyyirci, 876 F. Supp. 415, 425 (E.D.N.Y. 1994); DirecTV, Inc. v. Adkins, 320 F. Supp. 2d 474, 476-77 (W.D.Va. 2004)(each device constitutes a separate violation of § 605(e)(4)). Accordingly, this Court awards Plaintiff damages of $100,000 for Defendant's sale of the DSS Smart Card Progammer because this device could potentially be used to reprogram multiple cards resulting in far greater substantive harm than any single Access Card. Additionally, this Court awards Plaintiff damages in the amount of $30,000 for Defendant's sale of the three modified DirecTV Access Cards ($10,000 per sale). The total amount awarded under this code section is $130,000.

3.  Damages For Violations of 18 U.S.C. § 2511

18 U.S.C. § 2511 prohibits satellite piracy and states, in part:

Except as otherwise specifically provided in this chapter any person who–

> (a) intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication . . . shall be punished . . . or shall be subject to suit

18 U.S.C. § 2520 contains a damages provision for a violation of § 2511. Section 2520 states, in part:

> (a) In general.--Except as provided in section 2511(2)(a)(ii), any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter may in a civil action recover from the person or entity, other than the United States, which engaged in that violation such relief as may be appropriate.
>
> \*   \*   \*
>
> (b) Relief – In an action under this section, appropriate relief includes –
>   (2) damages under subsection (c) and punitive damages in appropriate cases;

11

* * *

> (c)(2) In any other action under this section, the court may assess as damages whichever is the greater of--
>> (A) the sum of the actual damages suffered by the plaintiff and any profits made by the violator as a result of the violation; or
>>
>> (B) statutory damages of whichever is the greater of $100 a day for each day of violation or $10,000.

18 U.S.C. §§ 2520(c)(2)(A) & (B). Plaintiff requested punitive damages under 18 U.S.C. §§ 2520(b) and statutory damages under 18 U.S.C. §§ 2520(c)(2)(B).

In this case, Plaintiff brought separate claims under 18 U.S.C. § 2511(1)(a) and 47 U.S.C. § 605(a), and sought to hold Defendant liable under both statutes for the conduct at issue. See, DirecTV, Inc. v. Huynh, 318 F. Supp. 2d 1122, 1132 (M.D. Ala. 2004); DirecTV Inc., v. Sheffield 2005 WL 563108 at *5 (D. Minn 2005); DirecTV Inc., v. Trawick, 359 F. Supp. 2d 1204, 1207 n.4 (M.D. Ala. 2005)(permits actions under 18 U.S.C. § 2511(1)(a) and 47 U.S.C. § 605(a) based on the same underlying conduct). This Court has the discretion, however, to award no damages at all pursuant to 18 U.S.C. § 2520 for violations of 18 U.S.C. § 2511(1)(a). See, 18 U.S.C. § 2520 (". . . the court may assess as damages . . ."); Dorris v. Absher, 179 F.3d 420, 429 (6th Cir. 1999)(award of damages under § 2520 is discretionary).[1]

In deciding whether to award damages under § 2520(c)(2), courts in similar

---

[1] In addition to the Sixth Circuit, the Fourth, Eighth and Eleventh Circuits have held that an award of damages under § 2520(c)(2) is discretionary. Nalley v. Nalley, 53 F.3d 649, 652 (4th Cir. 1995); Reynolds v. Spears, 93 F.3d 428, 434 (8th Cir. 1996); DirecTV, Inc. v. Brown, 371 F.3d 814, 818 (11th Cir. 2004). In contrast, the Seventh Circuit held that an award of damages under § 2520(c)(2) is mandatory. Rodgers v. Wood, 910 F.2d 444, 448 (7th Cir. 1990).

12

DirecTV cases have considered a number of factors, including: (1) whether the defendant profited by his violation; (2) whether there was any evidence that the defendant actually used his pirate access devices; (3) the extent of DirecTV's financial harm, (4) the extent of the defendant's violation; (5) whether the defendant had a legitimate reason for his actions; (6) whether an award of damages would serve a legitimate purpose; and (7) whether the defendant was also subject to another judgment based on the same conduct. *Huynh*, 318 F. Supp. 2d at 1132 (citations omitted). Several courts have focused exclusively on factor (7) when determining whether to award damages under both 47 U.S.C. § 605(e) and 18 U.S.C. § 2520 for defendants found liable under both statutes. *See, Huynh*, 318 F. Supp. 2d at 1132; *Sheffield*, 2005 WL 563108 at *5; *Trawick*, 359 F. Supp. 2d at 1207 n.4. The courts in *Huynh, Sheffield,* and *Trawick* all awarded damages under 47 U.S.C. § 605(e) but declined to award damages under 18 U.S.C. § 2520 because they reasoned that punishing the same underlying conduct twice would be exorbitant and duplicative. *Huynh*, 318 F. Supp. 2d at 1132; *Sheffield*, 2005 WL 563108 at *5; *Trawick*, 359 F. Supp. 2d at 1207.[2] This Court also finds that awarding damages

---

[2]The legislative history of 18 U.S.C. § 2511 also supports the position that awarding damages under both statutes is duplicative. The Congressional Record from October 1, 1986 states:

> The private viewing of satellite cable programming, network feeds and certain audio subcarriers will continue to be governed exclusively by section 705 of the Communications Act [47 U.S.C. § 605], as amended, and not by chapter 119 of title 18 of the United States Code. [18 U.S.C. §§ 2510 to 2522].

132 Cong. Rec. S. 14441 (Oct. 1, 1986). This passage supports the view that 47 U.S.C. § 605 is Congress's deliberate response to the problem of satellite television piracy.

13

under both 47 U.S.C. § 605(e) and 18 U.S.C. § 2520 would be duplicative. Therefore, this Court does not award Plaintiff any damages for violations of 18 U.S.C. § 2511.

4.  Damages for Conversion

In Michigan, a plaintiff may recover damages for property wrongly converted, based upon the value of that property at the time of conversion. *Ehman v. Libralter Plastics, Inc.*, 207 Mich. App. 43, 45 (1994). Damages in a conversion case include interest from the date of conversion. *Baxter v. Woodward*, 191 Mich. 379 (1916).

Plaintiff and Defendant agree that the actual damages in this case amount to approximately $12,000. This actual damage calculation is based upon the number of months Defendant converted DirecTV multiplied by the average per month charge for a high-end DirecTV subscriber during that time period, along with interest charged from the date of the conversion. Because Defendant conceded liability for conversion, this Court awards Plaintiff damages in the amount of $12,000 for common law conversion.

5.  Attorneys' Fees and Costs

This Court finds that Plaintiff argues is entitled to recover its attorney's fees and costs under 47 U.S.C. § 605(e)(3)(B)(ii), which states:

> The court-- shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails.

This Court awards DirecTV reasonable attorney's fees and costs upon this Court's approval of Plaintiff's Attorneys' Fee Application.

14

6. <u>Injunctive Relief</u>

This Court finds that Plaintiff is entitled to injunctive relief under 47 U.S.C. § 605(e)(3)(B)(i), which states:

> The court may grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain violations of subsection (a) of this section;

Accordingly, this Court permanently enjoins Defendant from: (1) receiving, assisting in receiving, transmitting, assisting in transmitting, divulging or publishing DirecTV's satellite transmissions in violation of 47 U.S.C. § 605; and (2) obtaining or possessing unauthorized access devices for the purposes of intercepting DirecTV satellite signals in violation of 47 U.S.C. § 605.

B. <u>The Entire Damage Award Is Non-Dischargeable</u>.

Defendant argues that any statutory damages awarded to Plaintiff, exceeding actual damages, are dischargeable in his bankruptcy because the statutory damage provisions that Plaintiff relies on (i.e. 47 U.S.C. § 605(e)(3)(C)(i)(II), 47 U.S.C. § 605(e)(4), and 18 U.S.C. § 2250(c)(2)) are not set forth as enumerated exceptions to the general dischargeability provisions of § 523. In other words, even though the underlying activity (i.e. signal interception), and the actual damages flowing therefrom, may be non-dischargeable under 11 U.S.C. § 523(a)(4) & (6), the damages resulting from the application of the statutory damage provision are dischargeable because § 523 contains no specific exception to discharge for statutory damages for signal theft. Defendant argues that, if Congress intended that statutory damages for signal theft be non-dischargeable, the Code would have specifically identified those damages as being non-

15

dischargeable as Congress did in the cases of criminal restitution (11 U.S.C. § 523(a)(13)) and fines for drunken driving offenses (11 U.S.C. § 523(a)(9)).

This Court finds that Defendant's intentional misappropriation of DirecTV's satellite signals constitutes larceny under 11 U.S.C. § 523(a)(4) and a willful and malicious injury to Plaintiff under 11 U.S.C. § 523(a)(6) and, therefore, Defendant's entire debt to Plaintiff – including the statutory damages awarded -- is non-dischargeable pursuant to those sections. The United States Supreme Court, in *Cohen v. De La Cruz*, 523 U.S. 213, 214-15 (1998), determined that the exception to discharge set forth in 11 U.S.C. § 523(a)(2)(A) applies to the underlying debt resulting from fraud along with any statutory damages and attorney's fees awarded on account of the debtor's fraud. In the *Cohen* case, defendant Cohen charged rents in excess of the local rent ordinance and the Hoboken Rent Control Administrator ordered him to refund the money to the affected tenants. *Id.* at 215. Cohen did not comply with this order and subsequently filed bankruptcy under Chapter 7. *Id.* The tenants filed an adversary proceeding against Cohen in the Bankruptcy Court, arguing that the debt owed to them arose from rent payments obtained by actual fraud and that the debt was, therefore, non-dischargeable under 11 U.S.C. § 523(a)(2)(A). *Id.* The tenants also sought treble damages and attorney's fees and costs pursuant to the New Jersey Consumer Fraud Act. *Id.*

The Bankruptcy Court ruled in the tenants' favor finding that Cohen had committed actual fraud under 11 U.S.C. § 523(a)(2)(A) and awarded the tenants treble damages, reasonable attorney's fees and costs. *Id.* at 215-16. Additionally, the Bankruptcy Court held that § 523(a)(2)(A) encompasses all obligations arising out of fraudulent conduct

16

including treble damages and attorney's fees. *Id.* at 216. The District Court and the Court of Appeals for the Third Circuit affirmed. *Id.*

Defendant Cohen argued that the phrase "debt for" under 11 U.S.C. § 523(a)(2)(A) meant "liability on a claim to obtain money, property, services, or credit obtained by fraud," thus imposing a restitutionary ceiling on the extent to which a debtor's liability for fraud is non-dischargeable. *Id.* at 219. The Supreme Court found that the Cohen's reading of the phrase "debt for" in § 523(a)(2)(A) as "liability on a claim to obtain" was at odds with the meaning of the same phrase in § 523(a)(4) ("debt . . for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny") and § 523(a)(6) ("debt . . . for willful and malicious injury by the debtor to another entity"). *Id.* at 219-20. The Supreme Court stated that "none of these [sections] use 'debt for' in the restitutionary sense of 'liability on a claim to obtain'; it makes little sense to speak of 'liability on a claim to obtain willful and malicious injury' or 'liability on a claim to obtain fraud or defalcation.'" *Id.* at 220. The Supreme Court concluded that the phrase "debt for" as used in §523 means "debt as a result of," "debt with respect to," or "debt by reason of" and would include treble damages, attorney's fees, and "other relief that may exceed the value obtained by the debtor." *Id.* at 220, 223.

Although §§ 523(a)(4) & (a)(6) were not at issue in *Cohen*, the Supreme Court cited §§ 523(a)(4) & (a)(6) as clear examples of instances in which statutory damages, including attorney's fees, that exceed actual damages would be non-dischargeable. *Cohen*, 523 U.S. at 219-220. *See also, In re Feiner*, 254 B.R. 266, 272-73 (Bankr. D. Kan. 2000)(a debtor's entire statutory liability under 47 U.S.C. § 553(c)(2)(C) of the

17

Communications Act, including attorney's fees and costs, for television piracy were non-dischargeable under 11 U.S.C. § 523(a)(6)). Based on the analysis set forth in *Cohen* and *Feiner*, this Court finds that all of the damages, including the attorney's fees authorized by statute, are non-dischargeable under 11 U.S.C. §§523(a)(4) & (a)(6).

## IV.

## CONCLUSION

This Court awards DirecTV damages in the amount of $30,000 under 47 U.S.C. § 605(e)(3)(C)(i)(II) and $30,000 under 47 U.S.C. § 605(e)(3)(C)(ii) for violations of 47 U.S.C. § 605(a). For violations of 47 U.S.C. § 605(e)(4) this court awards $130,000 under 47 U.S.C. § 605(e)(3)(C)(i)(II). For common law conversion this court awards damages of $12,000. This court awards DirecTV reasonable attorney's fees and costs under 47 U.S.C. § 605(e)(3)(B)(ii). DirecTV shall file a Fee Application within 30 days of the entry of this Opinion and Order. If Defendant objects to the Fee Application, the Court shall schedule a hearing to determine the appropriate fee award. This court grants DirecTV injunctive relief pursuant to 47 U.S.C. § 605(e)(3)(B)(i). The entire damage award is non-dischargeable 11 U.S.C. §§523(a)(4) & (a)(6).

Marci B. McIvor
United States Bankruptcy Judge

Dated: AUG 16 2005

cc: John T. Hermann
Bradley H. Darling
John H. Jamnback